UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16-cr-00204 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| MONTA D. HARRIS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Doc. 101) |
| | ) | |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 101) (the "Motion") filed by Defendant Monta D. Harris ("Harris"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Harris with four counts of armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Counts One - Four). Doc. 12. The United States Attorney later charged Harris with an additional count of Hobbs Act Robbery, aiding and abetting, in violation of 18 U.S.C. § 1951(a) (Count Five). Doc. 32. Pursuant to a plea agreement, Harris pled guilty as to all counts. Doc. 34.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 51. The PSI indicated Harris had a total offense level of 26 and a criminal history category of II, therefore his advisory guideline range was 70–87 months. Doc. 51 at p. 17, ¶ 106. The Court ultimately varied up and sentenced Harris to a term of 120 months' imprisonment. Doc. 66; Doc. 71 at p. 17.

1

After Harris' sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Harris' criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 63–78 months. Harris now seeks retroactive application of Amendment 821 to reduce his sentence to 111 months, or time served.

II.     LAW AND ANALYSIS

   A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational

or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Harris asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 63–78 months as opposed to the 70–87 months used at the time of sentencing. Doc. 101 at 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Harris' total criminal history points were three (3). Doc. 51 at p. 13, ¶ 86. One (1) of those points was the result of a previous criminal conviction pursuant to U.S.S.G. § 4A1.1(c). Doc. 51 at p. 12, ¶ 82. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Harris was on probation for state charges. Doc. 51 at p. 13, ¶ 85. Harris now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on probation, therefore his

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

total criminal history points would be one (1) under the new calculation. The Court finds that Amendment 821 affects Harris' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Harris' case. *See Jones*, 980 F.3d at 1107. This is first due to the nature of the offenses. *See* 18 U.S.C. § 3553(a)(1). Harris was engaged in schemes to carry out five armed robberies within the span of about one month, including three banks [the same location of U.S. Bank was robbed twice] and one Subway restaurant, wherein he brandished weapons to intimidate employees by pointing them at victims and putting their lives in jeopardy, and ultimately took over $20,000. Doc. 51 at pp. 4–8, ¶¶ 2–34. During one of the robberies, he even pointed his weapon at and took money directly from a bank customer. Doc. 51 at p. 6, ¶ 17. These offenses were of a very serious nature – the type that can incite fear in those affected long into the future. Second, the need to deter future criminal conduct and promote respect for the law plays a role in the Court's consideration. *See* 18 U.S.C. § 3553(a)(2). After the robbery on May 27, 2016, Harris fled from police both in a vehicle and eventually on foot. Doc. 51 at p. 8, ¶ 28. His engagement in a violent crime spree, culminating in a flee from law enforcement, emphasizes that the needs to both deter future criminal conduct and promote respect for the legal system are great. Last, Harris' conduct during these offenses impacted the public – businesses, their employees, and customers were all affected by his and his accomplices' actions. *See* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Harris for the personal improvements he has made while incarcerated. Doc. 101 at 3. However, given the facts and after consideration of the nature and circumstances of the offenses and the need for the sentence imposed to protect the public and

offer adequate deterrence, the Court finds a reduction to Harris' 120-month sentence is not warranted. The Court's imposition of the 120-month sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III.  CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 101) is DENIED.

Date: March 21, 2024          /s/ *John R. Adams*
                                                                 JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT JUDGE

5